# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| G2 CORPORATION, d/b/a SCREEN TIGHT | } } } | JURY TRIAL DEMANDED |
| Defendant. | } } } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Marta Luna.  As alleged with greater particularity below, Defendant G2 Corporation d/b/a Screen Tight, discriminated against Marta Luna by subjecting her to verbal and physical harassment which created a hostile work environment because of her sex, resulting in her constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant, (the "Employer"), has continuously been doing business in the State of Texas and the City of Corsicana, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Marta Luna filed a charge with the Commission alleging violations of Title VII by Defendant.

7.     On February 2, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On March 23, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least July 2014, Defendant has engaged in unlawful employment practices at its Corsicana, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)(a)(1).

11. Defendant is a privately held company headquartered in Georgetown, South Carolina. Defendant manufactures and installs patio screen doors and other outdoor screening systems. Defendant has facilities in South Carolina, Monterrey, Mexico, and Corsicana, Texas.

12. Defendant subjected Marta Luna to a hostile work environment based on her sex.

13. Ms. Luna began working for Defendant at its Corsicana, Texas facility in approximately July 2014. She primarily worked on the fabrication of screen doors.

14. Soon after Ms. Luna began working for Defendant, the Defendant's vice-president subjected Ms. Luna to frequent, unwanted and offensive sexual remarks, including but not limited to asking Ms. Luna for sexual favors. The vice-president has supervisory authority for Defendant's locations in Georgetown, South Carolina, Monterrey, Mexico, and Corsicana, Texas.

15. Ms. Luna was also subjected to frequent, unwanted and offensive sexual remarks from Defendant's production manager. The production manager was Ms. Luna's direct supervisor. Soon after he started working for Defendant, the production manager began subjecting Ms. Luna to lewd and vulgar sexual comments and requests for sex.

16. On approximately February 26, 2016, the production manager physically touched and groped Ms. Luna while she was cleaning restrooms at his direction; not one of her regular job duties. In attempting to rebuff the verbal and physical advances, Ms. Luna repeatedly told the production manager to stop.  The manager, however, continued to grope her and push himself onto her until interrupted by another employee who was approaching.

17. Ms. Luna was never given any training by Defendant on the laws that prohibit sexual harassment or sex discrimination in the workplace. She was never provided with any company policy regarding sexual harassment in the workplace or how to report incidents of sexual harassment.

18. The production manager who subjected Ms. Luna to sexual harassment was never given any training by Defendant on the laws that prohibit sexual harassment or sex discrimination in the workplace.  Defendant did not promulgate a policy prohibiting sexual harassment or sex discrimination in the workplace to its Corsicana, Texas facility. Defendant did not promulgate a policy instructing employees how to report sexual harassment or sex discrimination.

19. The Defendant further engaged in unlawful employment practices by constructively discharging Ms. Luna.  While, Ms. Luna wanted to report the sexual harassment by the production manager; however, the employee who supervised the production manager was the same vice-president who had also subjected Ms. Luna to unwanted sexual remarks. On the Monday following the sexual attack by the production manager, Ms. Luna returned to work. The production manager approached Ms. Luna and gestured with his hand while articulating a threat of bodily harm.  Ms. Luna concluded that a report of the harassment to either the production manager or the vice-president would be futile.

20. On or before April 10, 2016, Ms. Luna determined that she could no longer return to her job given the continued verbal, physical and threatening sexually hostile environment, and thus, was constructively discharged.

21. The effect of the practices complained of in paragraphs 10-20 above has been to deprive Marta Luna of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

22. The unlawful employment practices complained of in paragraphs 10-20 above were intentional.

23. The unlawful employment practices complained of in paragraphs 10-20 above were done with malice or with reckless indifference to the federally protected rights of Marta Luna.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's sex.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Marta Luna, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place

hiring or front pay in lieu thereof.

  D. Order the Defendant to make Marta Luna whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-20 above, including but not limited to job search expenses.

  E. Order the Defendant to make Marta Luna whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-20 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Marta Luna punitive damages for its malicious and reckless conduct described in paragraphs 10-20 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


    Respectfully submitted,

    JAMES L. LEE
    Acting General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    /s/ Robert Canino
    ROBERT A. CANINO
    Regional Attorney

Oklahoma Bar No. 011782

/s/ Suzanne Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749