IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 3:18-CV-1524-G |
| G2 CORPORATION, D/B/A SCREEN TIGHT | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This Consent Decree is made and entered into between the Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and the Defendant G2 Corporation d/b/a Screen Tight (hereafter "Defendant" or "G2") in the United States District Court for the Northern District of Texas, Dallas Division, with regard to the EEOC's Complaint filed in Civil Action No. 3:18-cv-01524. The Complaint was based upon a Charge of Discrimination filed by Marta Luna against the Defendant.

The above-referenced Complaint alleges that Defendant G2 Corporation d/b/a Screen Tight's (hereafter "Defendant" or "G2") discriminated against Marta Luna by subjecting her to verbal and physical harassment which created a hostile work environment because of her sex, resulting in her constructive discharge.

The parties hereto desire to compromise and settle the differences embodied in

the aforementioned lawsuit, and intend that the terms and conditions be set forth in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2. This Consent Decree resolves all issues, including all like and related issues, raised in EEOC Charge Number 450-2016-02373. The Commission does not waive processing or litigating charges or cases other than the above referenced charges and Complaints.

3. Defendant and their officers, successors, and assigns are permanently enjoined from: (a) discriminating against any employee on the basis of sex; (b) harassing any employee on the basis of sex; and (c) retaliating in any way against any person because of opposition to any practice deemed unlawful under Title VII or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing under Title VII.

4. Defendant shall eliminate from Ms. Luna's employment records all documents and entries relating to the facts and circumstances which led

to the filing of the charge and subsequent litigation. Defendant also agrees to prohibit any dissemination, directly or indirectly, to any other prospective employer, any of the facts and circumstances relating to the filing of and resolution of the charge and subsequent litigation.

5. Defendant agrees to end the employment of Irvin Riojas, effective 10 days after the effective date of this Consent Decree. Defendant agrees that Irvin Riojas will never again hold an ownership, supervisory, managerial nor leadership position for the Defendant.

6. Defendant agrees to end the employment of Javier Vazquez, effective October 31, 2019. Defendant agrees that Javier Vazquez will never again hold an ownership, supervisory, managerial nor leadership position for the Defendant.

7. For each year that this Consent Decree is in effect, Defendant agrees to conduct annual training for all employees (including all hourly employees, human resources employees, and supervisory and managerial staff who have responsibilities over Defendant's employees), advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964 (Title VII). This training shall include but not be limited to the following subjects:

    a. Employment practices or conduct that may constitute sexual harassment;

      b.      Employer policies and procedures that that can and/or will be implemented with the purpose of preventing sexual harassment in the workplace;

      c.      The manner by which a work environment that is free from sexual harassment can be established and maintained; and

      d.      Reporting processes as to whom and by what means employees can report complaints or ask questions when they believe they have been subjected to sexual harassment in the workplace.

This annual training will also advise employees of the consequences imposed upon Defendant for violating Title VII. This annual training shall include a discussion of the disciplinary actions that will be taken against supervisors, managers, directors, and employees who are found to be responsible for or complicit in the following: committing acts of sexual harassment; failing to properly and promptly act on complaints/reports of sexual harassment; failing to properly and promptly act on observations of conduct that may rise to the level of sexual harassment; or otherwise allowing sexual harassment in the workplace. Training for the hourly employees shall be offered in English and Spanish and shall be at least 30 minutes in duration. The training for supervisors shall be at least two (2) hours in duration.

No less than 10 days before the trainings are conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training and the substance of the training. All materials used in conjunction with the training shall be forwarded to the EEOC. Within 20 days following the trainings, Defendant shall submit to the EEOC confirmation that the trainings were conducted, a list of attendees, and a list of employees who did not attend.

8. Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any employee, including any supervisor, human resources employee, or manager who is found by reasonable evidence to have engaged in discrimination on the basis of sex or permitted any such conduct to occur in his or her work area or among employees under his or her supervision. Defendant shall communicate this policy to all of their human resources employees, supervisors, and managers.

9. Defendant shall advise all managers and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of sex, and to report any incidents and/or complaints of discrimination, on the basis of sex of which they become aware directly to corporate Human Resources.

10. The Defendant agrees to post the English and Spanish Notices appended hereto as Attachment "A" and Adjunto "B" on the employee bulletin board at all of its facilities, within thirty (30) days after the entry of this Consent Decree. Defendant will report to the EEOC that it has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the term of this Consent Decree.

11. Defendant agrees to provide to each hourly employee, each supervisory or management employee, and each new hire at its facility, for the pendency of this Consent Decree a copy of Attachment A. Defendant agrees to report compliance with this provision to the EEOC within 30 days of the effective date of this Consent Decree.

12. Defendant agrees to forward to the EEOC on a quarterly basis during the term of this Consent Decree on the date of the entry of this Consent Decree, a log of all employee complaints alleging discrimination on the basis of sex, sex harassment or retaliation against Defendant, including dates of complaints, names, the nature of the complaint, and the resolution of the complaint.

13. Within 20 days following the effective date of this Consent Decree, Defendant shall submit to the EEOC confirmation that all employees have received copies of Defendant's written policy prohibiting

discrimination in the workplace, on the basis of sex, including sexual harassment.

14. Defendant agrees to pay to Marta Luna the full and final sum of $55,000.00 in settlement of all claims and for all damages. A W-2 shall issue for $13,750.00, representing lost wages. Ordinary deductions will be made from this amount.

No deductions shall be made from the remainder of $41,250.00, and a 1099 shall issue. The payment referenced above, shall be made within 10 days after the effective date of this Consent Decree by check made payable to Marta Luna. Defendant agrees to report to the EEOC within 20 days of entry of this Consent Decree regarding its compliance with this paragraph.

15. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraph 14 above, Defendant shall:

   a. Pay interest at the rate calculated pursuant to 26 U.S.C. § 6621(b) on any untimely or unpaid amounts; and

   b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

16. The parties agree to bear their own costs associated with this action, including attorney's fees.

17. Neither the EEOC nor Defendant shall contest the validity of this

Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

18. The effective date of this Decree shall be the date upon which it is issued by the Court.

19. The term of this Decree shall be for five (5) years from the effective date. The Court shall retain jurisdiction to enforce the terms of this Decree until the expiration of the term of the Consent Decree

**SO ORDERED.**

July **17**, 2019.

*A. Joe Fish*
A. JOE FISH
Senior United States District Judge

APPROVED AS TO FORM AND CONTENT:

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749


FOR THE DEFENDANT
G2 CORPORATION d/b/a Screen Tight:

/s/ William E. Hammel
William E. Hammel,
Texas Bar No. 24036714
LECLAIR RYAN
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Direct: (469) 501-5046

- 9 -

ATTACHMENT A

## NOTICE TO ALL EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by a Federal District Court in a lawsuit filed by the Equal Employment Opportunity Commission against G2 Corporation d/b/a Screen Tight. In the lawsuit, EEOC alleged that G2 Corporation d/b/a Screen Tight violated Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on sex, including sexual harassment.

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lowers overall employee morale and productivity. It is the policy of G2 Corporation d/b/a Screen Tight that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the U.S. Equal Employment Opportunity Commission's guidelines on sexual harassment and retaliation and to reiterate our policy against discrimination and harassment.

**SCOPE:** This policy extends to all employees of G2 Corporation d/b/a Screen Tight, LLC, including owners, management, non-management, temporary and/or probationary employees.

**DEFINITION:** Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. Sexual harassment is a form of misconduct that undermines the integrity of the employment relationship. No employee, either male or female,

should be subjected to unsolicited and unwelcome sexual conduct, either verbal or physical.

Examples of behavior that may constitute sexual harassment include <u>but are not limited to</u> the following:

> *   Hugging, grabbing or any type of unnecessary touching of another person.
> *   Making unwelcome sexual advances.
> *   Foul or obscene language of a sexual nature, including jokes.
> *   Requests for sexual favors whether in exchange for benefits or otherwise.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. Employees are expected to read, understand, and follow the policies that G2 Corporation d/b/a Screen Tight, has established to prevent discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager, or to the (monitor), NAME. The Human Resources Department may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the monitor or the Human Resources Department.

In addition to reporting a complaint of discrimination to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 S. Houston Street, 3rd Floor, Dallas, Texas 75202. Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by _____. The investigation may include interview of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

- 11 -

**PUNISHMENT FOR VIOLATION:** Employees engaged in discrimination can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, has filed a charge of discrimination, or has given testimony, assistance, or participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1990, as amended. The Company will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. G2 Corporation d/b/a Screen Tight will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF FIVE (5) YEARS.**

_____                    _____
Date                           On Behalf of:
                               G2 Corporation d/b/a Screen Tight, LLC